JUSTICE NELSON
specially concurs.
¶41 I concur with our discussion and resolution of Issues Two, Three and Four. I also agree with the result of Issue One and in what is said, as far as it goes.
¶42 In my view, our decision in State v. Harris (1991), 247 Mont. 405, 808 P.2d 453, imposed fairly tight parameters on the trial court’s exercise of its discretion under § 46-16-503(2), MCA, including the requirement of certain procedural requirements. See Harris, 247 Mont. at 416-18, 808 P.2d at 459-60 (type of information that can be re-read to the jury includes limited factual testimony, not the entire testimony of the witness, and the trial judge is required to give a pre-deliberation instruction and respond in a certain fashion to jury inquiries). Since it is clear that the requirements of Harris were not entirely followed in this case, my concurrence is with the understanding that the Harris *350 strictures and requirements, nonetheless, remain the law.
¶43 More to the point, here, defense counsel did not object to the procedure used by the trial court. Accordingly, Thompson waived the claim of error he now raises on appeal. Sections 46-20-104(2), MCA, and 46-20-701(2), MCA. Moreover, given the fact that NT’s testimony contained both exculpatory and inculpatory information and because the jury basically did not hear her testimony at all, I am not persuaded that Thompson suffered any prejudice to his substantial right to a fair trial. Section 46-20-701(2), MCA. Therefore, on these additional bases, I concur with our decision in Issue One.